IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
DECEMBER 1999 SESSION

FILED

March 6, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STEVEN DEWAYNE BOLDEN,** | * | No. W1999-00029-CCA-R3-PC |
| Appellant, | * | LAKE COUNTY |
| vs. | * | Hon. R. Lee Moore, Jr., Judge |
| **STATE OF TENNESSEE,** | * | (Post-Conviction) |
| Appellee. | * | |

For Appellant:

Steven DeWayne Bolden
W.T.S.P., Site 2
P.O. Box 1150
Henning, TN 38041-1150

For Appellee:

Paul G. Summers
Attorney General and Reporter
425 Fifth Avenue North
Nashville, TN 37243-0493

R. Stephen Jobe
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN 37243-0493

OPINION FILED: _____

AFFIRMED

NORMA MCGEE OGLE, JUDGE

The petitioner, Steven DeWayne Bolden, appeals the dismissal of his petition for post-conviction relief by the Lake County Circuit Court on March 26, 1999. Following a review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

On August 18, 1994, the petitioner was convicted by a jury in the Lake County Circuit Court of aggravated assault. The trial court sentenced the petitioner as a standard, Range 1 offender to three years incarceration in the Tennessee Department of Correction. On July 26, 1996, this court affirmed the petitioner's conviction, and, on December 30,1996, our supreme court denied further review. State v. Bolden, No.02C01-9502-CC-0053, 1996 WL 417673 (Tenn. Crim. App. at Jackson), perm. to appeal denied, (Tenn. 1996). On January 20, 1999, the petitioner filed the instant pro se petition for post-conviction relief in the Lake County Circuit Court. The petitioner asserted that his conviction is void, because he was originally indicted on one count of attempted first degree murder and did not consent to the amendment of his indictment to include the offense of aggravated assault.[1] The post-conviction court dismissed the petition due to the expiration of the applicable statute of limitations.

The instant petition for post-conviction relief was filed after May 10, 1995, and is therefore governed by the provisions of the Post-Conviction Procedure Act of 1995. This act requires that a petitioner file a petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal was taken. Tenn. Code Ann. 40-30-202(a) (1997). No court has

---

[1]The indictment was amended by a "Consent Order" signed by the trial court, the prosecutor, and the petitioner's trial counsel.

2

jurisdiction to hear a petition filed after the expiration of the limitations period unless a petitioner's claims fall within one of three exceptions enumerated in the statute, id. at (b), or application of the limitations period would offend principles of due process, cf. Burford v. State, 845 S.W.2d 204, 208-209 (Tenn. 1992). See also Seals v. State, No. 03C01-9802-CC-00050, 1999 WL 2833, at *2 (Tenn. Crim. App. at Knoxville, January 6, 1999)(this court observed that the "anti-tolling" provision of the 1995 Act has no operation against constitutional principles).

We agree with the post-conviction court and the State that the petitioner has failed to demonstrate that one of the statutory exceptions is applicable in his case. Moreover, application of the statute of limitations in this case does not offend due process. Finally, a petition alleging a void indictment and, consequently, a void judgment of conviction must still be filed within the statute of limitations set forth in Tenn. Code Ann. § 40-30-202(a). See Myers v. State, No. 03C01-9612-CR-00457, 1997 WL 542332, at *1 (Tenn. Crim. App. at Knoxville, September 4, 1997)(per curiam).[2]

For the foregoing reasons, we affirm the judgment of the post-conviction court.

_____Norma McGee Ogle, Judge

_____

[2]Of course, "the statute of limitations for filing post-conviction petitions in no way precludes the filing of petitions for habeas corpus which contest void judgments." Taylor v. State, 995 S.W.2d 78, 84 (Tenn. 1999).

CONCUR:

_____
Gary R. Wade, Presiding Judge


_____
John Everett Williams, Judge

4